# Enyeart *v.* Figard, Appellant.

*Broker—Real estate broker—Commissions—Vendor and vendee.*

Where an owner of land agrees to pay commissions to a broker for the sale of it and the latter prepares articles of sale, inserting the name of an alleged purchaser and providing that the purchaser should have a right to decline the property within two months, and the owner signs the agreement, without the alleged purchaser having any knowledge whatever of it, the broker cannot after the death of the owner and after the expiration of the two months, recover his commissions, because the purchaser named on discovering the transaction, but without having any extension from the owner, bought the land under a new contract from the executor.

Argued Oct. 29, 1908. Appeal, No. 169, Oct. T., 1908, by defendant, from order of C. P. Bedford Co., April T., 1907, No. 26, refusing to take off nonsuit in case of J. Frank Enyeart v. Theophilus Figard and Albert Figard, executors of the last will and testament of John C. Figard, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit for commissions for sale of land. Before WOODS, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was refusal to take off nonsuit.

*Alvin L. Little,* for appellant.—All that was necessary in order for J. Frank Enyeart to earn his commissions was for him to produce a person who was able and willing to buy upon terms satisfactory to John C. Figard: Clendenon v. Pancoast, 75 Pa. 213; Middleton v. Thompson, 163 Pa. 112.

He not only did this but he also produced one who was entirely satisfactory to his principal, John C. Figard, as is shown by the fact that Figard entered into a contract with the man he produced then, and when he had done this he could not escape paying J. Frank Enyeart his commissions even though

the sale was not consummated: Keys v. Johnson, 68 Pa. 42; Hipple v. Laird, 189 Pa. 472; Pratt v. Patterson, 112 Pa. 475; Reed v. Reed, 82 Pa. 420; Restein v. McCadden, 166 Pa. 340.

*E. M. Pennell*, for appellee.

OPINION BY HENDERSON, J., February 26, 1909:

The appellant's action is founded on a written contract by the terms of which he agreed to make sale of the mineral right in 250 acres of land owned by John C. Figard, whose estate the appellees represent. The contract provided for a commission of $3.00 per acre to be paid to the plaintiff within five days after a sale and the payment of the purchase money to the vendor. On the day this agreement was made another contract was prepared by one J. H. Ramsey by which Figard agreed to sell to Daniel L. Hutchinson, Jr., the mineral right referred to in the Enyeart contract. Ramsey claimed to represent Hutchinson in the transaction. Enyeart was present and brought about the agreement for the sale to Hutchinson. This contract was dated January 5, 1905, and provided that the property was to be delivered to the purchaser on or before March 5, 1905, on the payment to the vendor of the purchase price. The vendee named in the contract had the privilege of declining to accept the property on or before the date last named, in which case the contract was to become null and void. It was further declared to be the true intent and meaning of the agreement that the purchaser had the privilege of purchasing the property within two months of the date of the contract, at which time he was to pay $500, the balance to be paid within two months from that date. Hutchinson did not sign this contract, nor does it appear that he had any knowledge of its existence up to the time of the death of Figard; nor was it signed by anyone as his agent or representative. Ramsey, who claimed to be acting for Hutchinson, witnessed the signature of Figard but did not sign the contract. Figard died July 3, 1905, without any action on the part of Hutchinson toward the completion of the purchase. About four months after Figard's death Hutchinson learned of the fact, and about the middle of December, proposed to the de-

cedent's executors to take the property. He testified that he and some persons associated with him were prepared at that time to pay the purchase money, but it does not appear from any evidence offered that he was willing and ready to take the property before that time. The infirmity of the plaintiff's case is the fact that Hutchinson was never bound to perform and never ready to perform in Figard's lifetime. An attempt was made to show that the failure to survey the property and define just what was involved in the contract was because of bad weather in March of that year. But this does not explain the omission to act in April and May and June, if Figard were still willing to carry out his offer. The evidence does not justify the conclusion that there was an extension of time granted on the contract, which would conclude Figard. No witness was called who testified to any agreement with the vendor that the time was to be extended at the option or convenience of Hutchinson. The evidence tending to show that Figard was willing to sell the property after March 5, falls very short of proof that he had agreed or was obligated so to do. Hutchinson never became bound to Figard, never notified him that he would accept the property, never paid him any part of the purchase money. It cannot be said, therefore, that the plaintiff brought to Figard a purchaser who was ready and willing to perform according to the terms of the contract. Hutchinson had the privilege of purchasing, but never did so at the time fixed in the agreement, nor at any other time to which Figard assented. The failure of the deal was not brought about by Figard, but because Hutchinson was not a purchaser under the contract. The court, therefore, very properly entered a judgment of nonsuit.

The judgment is affirmed.